IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MANUEL PEREZ,<br><br>        Plaintiff,<br>  v.<br><br>RAY RAU,<br><br>        Defendant. | Case No.: 2:21-cv-01025-AN<br><br>OPINION AND ORDER |

       This case arises from plaintiff Manuel Perez's civil rights claim under 42 U.S.C. § 1983. Plaintiff now moves to withdraw admissions entered pursuant to a sanctions order. In the alternative, plaintiff moves for reconsideration of the sanctions order. For the reasons outlined below, plaintiff's Motion to Withdraw Admissions is DENIED, and plaintiff's Motion for Reconsideration is GRANTED. The November 29, 2022 order is STRICKEN from the record, and plaintiff's August 18, 2022 response to defendant's March 17, 2022 Requests for Admission is reinstated.

## LEGAL STANDARD

**A.    Motion to Withdraw Admissions**

       Federal Rule of Civil Procedure ("FRCP") 36 governs requests for admissions. Under FRCP 36(a)(3),

> "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."

       FRCP 36(b) governs the withdrawal of admissions, and states:

> "Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding."

In sum, the court may permit withdrawal of admissions if (1) withdrawal promotes the presentation of the

1

merits of the action; and (2) the party who obtained the admissions is not prejudiced by the withdrawal. *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). The test's first prong is satisfied "when upholding the admissions would practically eliminate any presentation of the merits of the case." *Id.*

The goals of the test's second prong are "truth-seeking in litigation and efficiency in dispensing justice." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Thus, the prejudice cannot be "simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Hadley*, 45 F.3d at 1348 (internal quotation marks omitted). Specifically, the court should focus on the "prejudice that the nonmoving party would suffer at trial." *Conlon*, 474 F.3d at 622. The party who obtained the admission bears the burden of proving prejudice. *Hadley*, 45 F.3d at 1348.

**B.      Motion for Reconsideration**

Under FRCP 54(b), the court may revise any order or other decision that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Generally, motions for reconsideration are brought under either FRCP 60(b) or FRCP 59(e). FRCP 60(b) applies to final judgments, orders, or proceedings, whereas FRCP 59(e) applies only to judgments.

Reconsideration of an order is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30 (3d ed. 2000)). A court should reconsider its earlier decision if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Reconsideration motions may not be used to raise new arguments or introduce new evidence if, with reasonable diligence, the arguments and evidence could have been presented during consideration of the original ruling." *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 859 (9th Cir. 2022).

## BACKGROUND

Plaintiff initially filed this lawsuit *pro se* on July 9, 2021 while in custody. Plaintiff remained in custody until September 6, 2022. On October 19, 2021, the court issued a scheduling order for Civil Actions filed by Prisoners, recognizing that plaintiff was incarcerated at Snake River Correctional Facility. On March 17, 2022, defendant mailed a Request for Admissions to plaintiff's home address in Klamath Falls, Oregon, because that was the address of record that plaintiff listed in his complaint. Plaintiff was still incarcerated at Snake River Correctional Facility when the request was mailed. Two months later, defendant filed a motion for leave to depose a prisoner, which was granted, and the deposition was set for June 22, 2022.

Plaintiff appeared at his deposition but refused to participate because he had not yet retained counsel and alleged that he was not notified of the deposition until the day before. Before plaintiff obtained counsel, defendant filed a motion for sanctions against plaintiff for his failure to participate in the deposition.

Plaintiff retained counsel on July 19, 2022. The same day, defendant's counsel emailed the request for admissions to plaintiff's counsel. Thirty days later, on August 18, 2022, plaintiff responded to defendant's request for admissions. Plaintiff requested a Rule 16 hearing, which was denied in lieu of a joint scheduling report, which plaintiff submitted. The proposed scheduling report did not address the request for admissions.

On November 29, 2022, after motion briefs were exchanged, Judge Michael Mosman granted defendant's motion for sanctions and sanctioned plaintiff pursuant to FRCP 37(d) by deeming that all matters within defendant's request for admissions be established in accordance with FRCP 37(b)(2)(A)(i) and (iii). Many of the facts established via the sanctions order could be dispositive.

## DISCUSSION

**A.    Motion to Withdraw Admissions**

Plaintiff first filed a Motion to Withdraw the Admissions established via Judge Mosman's

sanctions order. Plaintiff presents two arguments: (1) The request for admissions was not properly served and thus should not have been admitted; and (2) the two-prong test set forth in FRCP 36(b) is met in this case because upholding the admission would foreclose a determination of the merits and defendant cannot establish prejudice from withdrawing the admissions.

Plaintiff's motion to withdraw is procedurally improper at this stage in the case. Defendant served its first request for admissions on March 17, 2022. Plaintiff's responses were due on April 18, 2022. Because FRCP 36(a) is self-executing, the matters within that request for admissions were considered admitted on April 19, 2022, when plaintiff failed to respond. Fed. R. Civ. Pro. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection[.]"); see *Layton v. Int'l Ass'n of Machinists & Aerospace Workers*, 285 Fed App'x 340, 341 (9th Cir. 2008) (noting that if party fails to respond to request for admissions, no action is needed by court or parties for facts to be deemed admitted). Before providing responses on August 18, 2022, plaintiff's counsel should have filed a motion to withdraw admissions or requested additional time to respond under FRCP 36(a)(3). Merely providing the responses in August 2022 was insufficient to withdraw the previously established admissions because a motion to withdraw is the only method through which a party may seek to withdraw previously established admissions. Fed. R. Civ. Pro. 36(b).

B.   **Motion for Reconsideration**

Plaintiff's Motion for Reconsideration is a procedurally appropriate vehicle to address the admissions established via Judge Mosman's sanctions order. Motions for reconsideration generally arise under FRCP 60(b) or 59(e). Although plaintiff does not distinguish which rule he is bringing his present motion under, the standard for both is similar: A motion for reconsideration should typically only be considered if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J*, 5 F.3d at 1263. However, this standard is somewhat different because this Court is reviewing a motion for reconsideration of an order entered by another judge.

When a motion for reconsideration is before a "successor judge," the successor judge should not overrule a previous judge except for "cogent reasons." *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970). A previous judge's ruling should be treated as the law of the case, in that it is non-binding and may be corrected to prevent "manifest injustice." *United States v. Miller*, 822 F.2d 828, 832 (9th Cir. 1987).

Plaintiff makes, essentially, three arguments in support of his motion. First, plaintiff argues that his refusal to testify at the deposition was warranted because he received inadequate notice of the time and date of the deposition. Plaintiff alleges that he did not know of the deposition until June 21, 2022, and the deposition was set for June 22, 2022. Second, plaintiff argues that sanctions are not allowed by law when a party appears for a deposition but refuses to testify. Fed. R. Civ. Pro. 37(d)(1)(A)(i) (permitting sanctions only where a party "fails, after being served with proper notice, to appear for that person's deposition"). Third, plaintiff argues that even if sanctions were warranted, case-dispositive ones were not. Typically, when a sanction amounts to dismissal of a claim, "the district court [is] required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith . . . and also to consider the availability of lesser sanctions." *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (citations omitted). Plaintiff argues that because Judge Mosman's order makes no mention of willfulness, fault, bad faith, or the availability of lesser sanctions, the order was inappropriate.

Although this Court acknowledges the disfavor that motions for reconsideration generally receive, plaintiff has presented sufficient evidence of clear error to provide a cogent reason to reconsider Judge Mosman's order. Plaintiff cites to *Estrada v. Rowland*, 69 F.3d 405 (9th Cir. 1995) for the proposition that a party who "attends his deposition but refuse[s] to testify" does not fail to appear for purposes of Rule 37(d). In *Estrada*, the plaintiff was also an inmate who brought a civil rights action against the Department of Corrections. *Id.* at 405. The government attempted to depose the plaintiff while he was in custody, and while the plaintiff appeared for the deposition, he repeatedly refused to testify. *Id.* at 405-06. The defendants moved to dismiss the case based on the plaintiff's refusal to

5

participate in the deposition and the district court granted the motion, dismissing the action. *Id.* at 406. The Ninth Circuit reversed the district court decision, holding that attending a deposition but refusing to testify is not a "failure to appear" for the purposes of FRCP 37(d). *Id.* Thus, the proper remedy would have been a court order to testify under FRCP 37(a), not dismissal under FRCP 37(b)(2)(C). *Id.*

Although plaintiff did not raise this case to the court's attention during the briefing on defendant's motion for sanctions, and thus, Judge Mosman did not have the benefit of reviewing this precedent, the factual similarities between *Estrada* and the present case cannot be ignored. Both plaintiffs were in custody at the time of the deposition. Although it is not clear in *Estrada* that the government obtained leave to depose the plaintiff, FRCP 30(b)(2)(B) requires that a deposing party obtain leave to depose any deponent who is in custody. Thus, it is reasonable to assume that the government in *Estrada* similarly sought leave to depose the plaintiff. Given the outcome in *Estrada*, defendant's argument that the difference between a motion for leave to depose a prisoner and an order to testify is "semantics" appears incorrect.

Generally, motions for reconsideration may not be used to raise new arguments or new that reasonably could have been raised earlier in litigation. *Berman*, 30 F.4th at 859. Plaintiff reasonably could have raised *Estrada* to the court's attention in his motions briefing on defendant's motion for sanctions but failed to do so. However, this is not an instance where plaintiff is presenting a new factual argument, or a revised argument based on the same law that he has already raised. Rather, plaintiff is presenting the argument that the sanctions order contains a clear error because it contradicts binding Ninth Circuit precedent. Such evidence of clear error constitutes a cogent reason to reconsider the sanctions order. Although Judge Mosman was not aware of this precedent when he issued the order, this Court cannot conceive a more manifest injustice than effectively dismissing plaintiff's claim based on an erroneous application of the law.

## CONCLUSION

Accordingly, plaintiff's Motion to Withdraw Admissions, ECF [42], is DENIED. Because clear error is present in the November 29, 2022 order, plaintiff's Motion for Reconsideration is GRANTED,

the November 29, 2022 order is STRICKEN from the record, and plaintiff's August 18, 2022 response to defendant's March 17, 2022 Request for Admissions is REINSTATED.

IT IS SO ORDERED.

      DATED this 12th day of July, 2023.

                                                    _____
                                                    Adrienne Nelson
                                                    United States District Judge