IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MANUEL PEREZ,<br><br>            Plaintiff,<br>    v.<br><br>RAY RAU,<br><br>            Defendant. | Case No.: 2:21-cv-01025-AN<br><br>OPINION AND ORDER |

      This case arises from plaintiff Manuel Perez's civil rights claim under 42 U.S.C. § 1983. On July 12, 2023, this Court issued an order striking Judge Mosman's November 29, 2022 order and reinstating plaintiff's August 18, 2022 response to defendant's Request for Admissions. On September 6, 2023, the parties filed a Joint Motion for Clarification of the July 12th Order based on conflicting interpretations of the effect of the Court's order. That motion is GRANTED, and the July 12, 2023 order is clarified as follows.

      The request for clarification arises from seemingly contradictory language between the Court's reasoning and order. In the portion of the Court's opinion analyzing plaintiff's motion to withdraw admissions, it stated, "Because FRCP 36(a) is self-executing, the matters within [defendant's] request for admissions were considered admitted on April 19, 2022 when plaintiff failed to respond." Opinion and Order, ECF [54], at 4. Defendant interprets this language as deeming the matters within defendant's March 17, 2022 Requests for Admission admitted, despite the Court's ultimate order reinstating plaintiff's August 18, 2022 response to those requests. Defendant's interpretation of this Court's order is incorrect.

      The statement referenced by defendant was made in regard to whether plaintiff's Motion to Withdraw Admissions was a procedurally appropriate vehicle to obtain his requested relief; namely, reinstatement of his August 18, 2022 response to defendant's Requests for Admissions. In deeming that motion procedurally inappropriate, the Court acknowledged that it would have been an appropriate vehicle

1

if it were made earlier in the case.

Plaintiff made such a request in his Sur-Reply to defendant's Motion for Sanctions, stating, "Plaintiff formally requests a chance to withdraw any admittance and/or amend his answers pursuant to Rule 36." Sur-Reply to Reply to Motion [31], ECF [35], at 3. Judge Mosman's November 29th order did not directly address plaintiff's request. However, in striking plaintiff's August 18th response as an FRCP 37(d) sanction, Judge Mosman implicitly granted plaintiff's request to withdraw the admissions. That is, to strike plaintiff's response, the response must have been operative; otherwise, striking it would have no effect as a sanction. Therefore, at the time of Judge Mosman's order, the August 18th response was operative because the deemed admitted admissions were impliedly withdrawn.

When this Court struck Judge Mosman's November 29th order, it struck only the portion of his order explicitly imposing sanctions. The Court did not disturb his implicit holding that the deemed admitted admissions were withdrawn. Thus, in reinstating plaintiff's August 18th response, it became the operative response. Reinstating plaintiff's August 18th response, yet declining to make it the operative response, would have rendered the Court's order meaningless because the effect of Judge Mosman's order would have continued. As stated in this Court's prior order, that effect had the manifest injustice of "effectively dismissing plaintiff's claim based on an erroneous application of the law." Opinion and Order, 6. That manifest injustice will not continue based on a misinterpretation of this Court's prior opinion.

## CONCLUSION

Accordingly, the parties' Joint Motion for Clarification Opinion and Order [54], ECF [57], is GRANTED, and the Court clarifies its prior order to state that plaintiff's August 18, 2022 response to defendant's Requests for Admissions is the operative response.

IT IS SO ORDERED.

DATED this 10th day of October, 2023.

_____
Adrienne Nelson
United States District Judge